UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE: JUSTIN W. PEPITONE                                                   CASE NO.: <u>11-81300</u>
DEBTOR(S)

## CHAPTER 13 PLAN

1. Payments to the Trustee: The future earnings or other future income of the Debtor(s) are submitted to the supervision and control of the trustee. The Debtor(s) (or the Debtor(s)'s employer) shall pay to the trustee the sum of **$225.00** per month for **60** months. The Payments shall be made by DIRECT PAY.

2. The debts of Debtor(s) duly proved and allowed shall be paid to the holder thereof in accordance with the provisions of Chapter 13 of the Bankruptcy Code and this Plan.

3. From the payments received, the Trustee will make disbursements on the following claims as set forth below. Note that all specified monthly payment amounts are minimum payment amounts. In no event shall any general unsecured claims be paid by the Trustee unless and until all Class 3(a) through Class 3(c) claims have been paid in full. In the event that the Trustee has additional funds to distribute, those funds shall be distributed first to Class 3(a) claims until paid in full, then to Class 3(b) claims, and finally to Class 3(c) claims:

   (a). <u>Administrative Expenses</u>: The TRUSTEE shall FIRST pay the expenses as prescribed by the Court, for the administration of this plan.

   **Attorney Fees to be paid through the plan:     $2,800.00 (including costs advanced on behalf of the debtor)**

   (b). The Trustee shall then pay the following three classes of claims at the same time, on a pro rata basis, unless otherwise stated herein:

   (i). <u>Cure of Defaults</u>: Debtor proposes to cure defaults to the following creditors by payments through the Trustee. The payment of the amount shown shall cure any and all defaults on the respective account. The months listed in arrears are estimates only and any error in the listed months shall have no adverse affect on whether a default is actually cured: **None.**

   (ii). <u>Secured Debts Which Will NOT Extend Beyond the Length of the Plan</u>: The Creditors listed below have a claim secured by a lien on the collateral shown and the claim of each creditor is secured to the extent of the fair market value of such property unless 11 USC §1325(a)(9) is applicable to the claim. Debtor(s) ask the Court to value the collateral shown as indicated below and to determine what portion, if any, of the following claims are secured and what portions are unsecured. In the case of a claim in which 11 USC §1325(a)(9) applies, the claim shall be paid as set forth below irrespective of the fair market value. Creditor shall retain a lien on the collateral until the earlier of 1) the payment in full of the underlying debt determined under non-bankruptcy law or 2) the issuance of a discharge under 1328:

   **<u>Key Equipment</u> - secured by <u>2003 Peterbilt 330</u> valued at <u>$10,000.00</u>. Creditor shall have a secured claim in the amount of <u>$8,000.00</u> to be paid with <u>5.5</u>% interest. As adequate protection, the claim shall be paid $25.00 per month concurrently with the Administrative Expenses of the case.**

   (iii). <u>Special Class</u>: The following specially classified claims shall be paid by the Trustee as follows: **None.**

   (c). <u>Priority Claims</u>: After payment of the claims in the aforementioned classes, all Claims entitled to priority under §507 of the Bankruptcy Code will be paid by the Trustee as follows: **None.**

   (d). <u>Unsecured Creditors</u>: After payment of the claims in all of the aforementioned classes, unsecured claims will be paid pro rata by the Trustee to creditors who have duly and timely filed and proved their claim, with the same having been allowed by the Court, with such payments or dividends to be paid in lieu of the debt and in satisfaction of the debts of such creditors. Unsecured claims will be paid a dividend of **APPROXIMATELY 0%**. Inclusion of a claim in this class of creditors is neither an acknowledgement of any disputed claim nor a waiver of any defense that may be raised in an objection to a claim.

   | <u>CREDITOR</u> | <u>CLAIM AMOUNT</u> |
   |---|---|
   | **Allgate Financial Llc** | **$3,302.00** |

| | |
|---|---|
| **Asset Acceptance Llc** | **$1,648.00** |
| **Bank Of America** | **$11,322.00** |
| **Capital One, N.a.** | **$11,534.00** |
| **Chase Bank** | **$3,000.00** |
| **GE Money Bank** | **$10,036.00** |
| **Hilco Receivables/Equable Ascent Financi** | **$27,174.00** |
| **Lauren Gay Coleman** | **$2,587.34** |
| **Stage** | **$414.00** |
| **Verizon Wireless** | **$271.00** |
| **Key Equipment** | **$0.00**  (under-secured claim) |

4. Debtor shall make regular payments directly to the following creditors outside of the plan (payment amounts subject to change pursuant to the underlying security agreement):

   (a)  <u>HOME MORTGAGE</u>:

   (b)  <u>OTHERS</u>:
       **Chrysler Financial Co**            **$431.00 per month paid by co-signer**

5. Debtor proposes to surrender the following collateral for the value shown: **None.**

6. The following executory contracts and/or leases are ASSUMED or REJECTED as indicated below:

   | PARTY TO CONTRACT | DESCRIPTION | ASSUMED/REJECTED |
   |---|---|---|
   | **Verizon Wireless** | **Cell Phone Contract** | **Rejected** |

7. Upon confirmation of this plan, title of the property of the estate shall vest in Debtors(s).

**Respectfully submitted on <u>September 23, 2011</u>:**          L. Laramie Henry
                                        Attorney at Law
                                        P. O. Box 8536
                                        Alexandria, LA   71306
                                        (318) 445-6000
                                        E-mail:  laramiehenry@gmail.com

                                        **By:   /s/ L. Laramie Henry**
                                             **L. Laramie Henry (#26333)**